IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA HOYT,

    Plaintiff,

vs.                                                                                                                                                                  No. CIV 24-0498 JB/KRS

ALISHA TAFOYA, NEW MEXICO PAROLE
BOARD, MICHELLE LUJAN GRISHAM,
FNU WILKENS, and JACOB D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff Joshua Hoyt's failure to cure deficiencies in connection with his Amended Complaint for Violation of Civil Rights, filed June 3, 2024 (Doc. 3)("Amended Complaint"). The Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Hoyt to provide a six-month inmate-account statement, as 28 U.S.C. § 1915(a)(2) requires. See Order to Cure Deficiency, filed September 19, 2024 (Doc. 5)("Cure Order"). Because Hoyt has not complied, and having reviewed applicable law and the record, the Court dismisses the Amended Complaint without prejudice.

**BACKGROUND**

Hoyt is detained at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico, and is proceeding pro se. See Amended Complaint ¶ 1, at 1-2. Hoyt commenced this case on May 20, 2024, by filing a letter from Hoyt to the New Mexico Risk Management Division in Santa Fe, New Mexico (dated May 17, 2024), filed May 20, 2024 (Doc. 1)("Opening Letter-Complaint"), which the Court treats as a Complaint raising 42 U.S.C. § 1983 Claims. On June 3,

2024, he files an Amended Complaint using the official 42 U.S.C. § 1983 form pleading. See Amended Complaint ¶ 1, at 1. Hoyt filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on that same date. See Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 at 1, filed June 3, 2024 (Doc. 4)("IFP Motion"). The IFP Motion does not attach "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2). Section 1915(a)(2) requires the six-month account statement in all cases where, as here, "[a] prisoner seek[s] to bring a civil action … without prepayment of fees or security therefor . . . ." 28 U.S.C. § 1915(a)(2).

The Court referred the matter to Magistrate Judge Sweazea for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed May 21, 2024 (Doc. 3). By the Cure Order entered September 19, 2024, Magistrate Judge Sweazea directed Hoyt to submit the six-month inmate account statement, as 28 U.S.C. § 1915(a)(2) requires, within thirty days. See Cure Order at 1. The Cure Order warns that the failure to comply timely may result in dismissal of this case without further notice. See Cure Order at 1.

The deadline for Hoyt to file a six-month inmate account statement was October 21, 2024. See Cure Order at 1. Hoyt has not complied, shown cause for such failure, or otherwise responded to the Cure Order. The Court will consider, therefore, whether to dismiss this matter for lack of prosecution and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order." Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1162.  Those criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  Nasious, 492 F.3d at 1162.

Here, Hoyt has not filed a six-month inmate account statement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require. In light of this failure, the Court dismisses the Amended Complaint pursuant to rule 41(b) for failure to prosecute, and to comply with rules and orders. See Olsen v. Mapes, 333 F.3d 1199 at 1204; Salazar v. Arapahoe Cnty. Det. Facility, 787 Fed. App'x 542, 543 (10th Cir. 2019)(affirming dismissal where the plaintiff failed to provide a six-month "inmate account statement or explain[] his failure to comply with the ordered deadline").[1] After considering the factors in Nasious, the dismissal will be without prejudice. The Court also denies Hoyt's IFP Motion, which is now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Amended Complaint for Violation of Civil Rights, filed June 3, 2024 (Doc. 3), is dismissed without prejudice; (ii) the Court denies as moot the request in the Plaintiff's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed June 3, 2024 (Doc. 4); and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

---

[1] The Court relies on Salazar v. Arapahoe Cty. Det. Facility, 787 Fed. App'x 542 (10th Cir. 2019) to the extent its reasoned analysis is persuasive in this case. See 10th Cir. R. 32.1(A), 28 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Salazar v. Arapahoe Cty. Det. Facility has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

/signed/
_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Joshua Hoyt
Santa Rosa, New Mexico

    *Plaintiff, pro se*